No. 23,172.

D. B. WEAVER, *Appellant,* v. EDWARD GRAHAM et al., *Appellees.*

SYLLABUS BY THE COURT.

1. OIL AND GAS LEASE—*Gas to Be Furnished Lessor Free—No Gas Well Found—Action for Cancellation.* An oil and gas lease provided—"If gas be found in any well or wells first party [the lessor] is to have on demand sufficient gas for domestic purposes on said premises free; the said second party [the lessee] is to have the remainder together with all gas from oil wells." It is held that under this provision the lessor was not entitled to be supplied with gas otherwise than from producing gas wells—that no obligation to supply him with gas arose from its being found in oil wells.

2. TRIAL—*Evidence—Conclusions of Witness.* The admission of evidence objected to on the ground of having been given in the form of conclusions is held not to have been prejudicial.

3. AGENCY—*Purchase of Lease by Plaintiff—Plaintiff Acting as Agent of Defendants.* The evidence is held to have been sufficient to support a finding that in buying a lease the plaintiff acted as the agent of the defendants and therefore is liable to them for the difference between what he received from them and what he actually paid for the lease.

Weaver · v. Graham.

Appeal from Montgomery district court; JOSEPH W. HOL-
DREN, judge. Opinion filed July 9, 1921. Affirmed.

*Thomas E. .Wagstaff,* of Independence, for the appellant.

*Dallas W. Knapp,* of Coffeyville, and *Chester Stevens,* of In-
dependence, for the appellees.

The opinion of the court was delivered by

MASON, J.: An eighty-acre oil and gas lease executed by
D. B. Weaver passed into the hands of the Kansas Natural
Gas Company. Thereafter the company made an assignment
of the lease to Weaver, who assigned it to Edward Graham and
others. Later Weaver brought this action against Graham
and his coassignees asking a cancellation of the lease on the
ground that they had not met its requirements. The defend-
ants by way of a cross-petition pleaded that in negotiating the
purchase of the lease from the Kansas Natural Gas Company
the plaintiff was acting in their behalf as their agent, and
that by falsely representing to them that the price paid was
$14,000 when it was, in fact, only $12,500 he had defrauded
them of $1,500, for which amount they asked a recovery. The
defendants were given judgment for the amount of their
claim. The plaintiff was denied relief, and appeals.

1. The lease provided: "If gas be found in any well or
wells first party [the lessor] is to have on demand sufficient
gas for domestic purposes on said premises free; the said sec-
ond party [the lessee] is to have the remainder together with
all gas from oil wells." The plaintiff contends that this pro-
vision was violated by the failure of the defendants to supply
him with gas for domestic purposes, although gas was found·
in wells drilled on the land. There was evidence that casing-
head gas had been produced—that some gas was found in pro-
ducing oil wells; but there was no evidence of the bringing in
of a gas well as such or of the production of gas in marketable
quantity. A witness called by the plaintiff testified that
there wasn't any gas on the land in question in large quanti-
ties; that it never was a gas proposition—just the gas that
came from the oil wells. The first clause of the provision
quoted, if read literally, might seem to support the plaintiff's
view that if any gas whatever was produced from any source

he was to be supplied with enough for domestic purposes. But it must be read in connection with the second clause, which provides that the lessee is to have "the remainder together with all gas from oil wells." The fair meaning of the whole provision appears to be that if gas were produced in gas wells the lessor was to have enough of it for domestic purposes and the lessee the rest; and that all gas from oil. wells should belong to the lessee alone. This interpretation is fatal to the plaintiff's demand for cancellation, even if a failure to comply with a requirement for the furnishing of gas for domestic purposes would in any event be a sufficient basis for that relief.

The lease also contains a separate paragraph reading—"If gas is found in the neighborhood said second party shall pipe it to within fifty feet of residence on above described premises." The plaintiff states in his brief that the receiver of the Kansas Natural Gas Company laid a pipe line to his house, and the receiver testified that gas was furnished "independent of the lease" out of the gas line which went through the country, produced from wells in the neighborhood. Whatever obligation the paragraph quoted may have imposed we do not think that the failure to furnish gas from other property was a sufficient ground for a cancellation of the lease, and the evidence was not such as to compel a judgment for the plaintiff for relief in any other form.

The plaintiff also contends that he should have been given some relief because of the failure of the defendants to perform oral agreements for the development of the lease. The making of these agreements was denied and it must be assumed that the trial court was not persuaded of their existence.

Complaint is made of the refusal of the court to allow the plaintiff to introduce evidence to show that there was gas in the oil wells being operated on the lease. Under the construction of the lease which we have adopted proof of this fact would have been unavailing and the evidence was therefore properly rejected.

2. Complaint is also made that witnesses were permitted, over proper objections, to testify to conclusions instead of facts. For instance, a witness stated that his "understanding"

was to a certain effect; that the time of a certain occurrence "must have been" at about a date mentioned; that on learning of a certain fact he "suspicioned" that he had been deceived; that he had never agreed to do certain things. No jury was present, and if the freedom of expression allowed would, under any circumstances, have been objectionable we think it clear that no prejudice could have resulted in the situation presented.

3. With respect to the recovery of the $1,500 the issue was purely one of fact. The plaintiff testified that he bought the lease on his own account and sold it to the defendants. Evidence was introduced in behalf of the defendants tending to show that he bought it for the defendants, acting as their agent. The trial court found generally in favor of the defendants and we cannot say that there was no evidence to support that decision.

The judgment is affirmed.